**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4070**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FURMAN ALEXANDER FORD,

        Defendant - Appellant.

─────────────

**No. 22-4210**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FURMAN ALEXANDER FORD,

        Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00351-FL-1)

─────────────

Submitted:  March 16, 2023                              Decided:  March 20, 2023

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Furman Alexander Ford, Appellant Pro Se.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Furman Alexander Ford appeals the amended criminal judgment entered after a jury convicted him of several mail fraud offenses, in violation of 18 U.S.C. § 1341; wire fraud offenses, in violation of 18 U.S.C. § 1343; and aggravated identity theft offenses, in violation of 18 U.S.C. § 1028A(a)(1), and the district court sentenced Ford to 132 months in prison. Ford raises multiple arguments in these pro se appeals,[1] including alleging that (1) an error under *Napue v. Illinois*, 360 U.S. 264, 269 (1959), occurred during trial, thereby causing structural error; (2) the district court erroneously allowed into evidence testimony regarding the facts underlying Ford allegedly issuing a false life insurance policy; and (3) the district court erroneously denied Ford's requests that certain witnesses be subpoenaed to testify at sentencing. Finding no error, we affirm.

As to Ford's *Napue* claim, the record establishes that Ford's attorney opined that such a claim would be frivolous and refused to raise the issue during the district court proceedings. To the extent that Ford's argument could be construed as an ineffective assistance of counsel claim, we find that ineffective assistance does not conclusively appear on the record. *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

---

[1] Ford waived his right to counsel before this court.

3

Accordingly, Ford's *Napue* claim should be raised, if at all, in a 28 U.S.C. § 2255 motion.[2] *See United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

As to Ford's contention that the district court erroneously allowed into evidence testimony regarding facts underlying Ford allegedly falsifying the issuance of a particular life insurance policy, Ford presents no argument as to why the testimony was inadmissible. *See* 4th Cir. R. 34(b). We nonetheless find no reversible error on this record. *See* Fed. R. Evid. 404(b)(2).

Finally, there is Ford's assertion of error in terms of witness testimony at sentencing. Specifically, Ford sought to present witness testimony to establish that a particular financial transaction was not part of his scheme to defraud, which Ford contends would have resulted in a lower loss amount for purposes of calculating his Sentencing Guidelines range. Contrary to Ford's argument, however, the transaction did not have to be charged in the indictment or decided by the jury to be considered by the district court at sentencing. *See Alleyne v. United States*, 570 U.S. 99, 116 (2013) ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.").

Having considered Ford's arguments and finding no error, we affirm the amended criminal judgment. We dispense with oral argument because the facts and legal

---

[2] We express no opinion as to the merits of an ineffective assistance of counsel claim.

4

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*